IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BETTY E. ULLMAN, for herself
and others similarly situated,

      Plaintiff,

v.                                     No. 1:13-CV-00595-JB-RHS

SAFEWAY INSURANCE COMPANY and
RICHARD BAILEY,

      Defendants.

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff Ullman, for herself and all others similarly situated, by and through her attorneys, brings this Motion under 28 U.S.C. § 1447 to request that this matter be remanded to New Mexico State court. Because Defendant Safeway Insurance Company ("Safeway") failed to meet its burden to establish that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied, this class action case must be remanded to the First Judicial District Court in the State of New Mexico.

There are two bases for federal subject matter jurisdiction over class actions not arising under federal law: conventional diversity class actions and class actions removed under the Class Action Fairness Act ("CAFA").[1] Defendant Safeway's Notice makes clear that it has removed this case on conventional diversity grounds, which is evident as Defendant's sole argument is on fraudulent joinder grounds.[2] Specifically, Defendant Safeway contends that Defendant Richard

---

[1] Class Action Fairness Act ("CAFA"), Pub L. No. 109-2, 119 Stat. 4 (2005) (codified as amended in scattered sections of 28 U.S.C.).

[2] Defendant Safeway does *not* argue in its Notice that this Court has jurisdiction pursuant to CAFA, nor so much as state the elements of CAFA. While Defendant states in one lone paragraph that CAFA may be "a possible alternative basis for removal," Doc. 1 at p. 9, ¶ 28, Defendant does not provide any evidence whatsoever on any of the elements necessary to remove on CAFA grounds, which is its burden.

Bailey, who is a non-diverse defendant and the tortfeasor in the automobile accident injuring Plaintiff Ullman, was improperly joined as a party. The Defendants to this class action case are Defendant Safeway, the Uninsured/Underinsured Motorist ("UM/UIM") coverage carrier for Plaintiff Ullman and the Class, and Defendant Bailey, the tortfeasor in the auto accident that injured Plaintiff Ullman.

Plaintiff Ullman has direct claims against Defendant Bailey, and is contractually obligated to protect Defendant Safeway's indirect claims (subrogation interests). Naming Defendant Bailey is the most judicially efficient and economical means of pursuing the claims and issues in this case.[3] First, Plaintiff Ullman has a direct claim against Defendant Bailey, in addition to her individual claims and the Class claims against Safeway. Plaintiff Ullman must name Defendant Bailey, or substitute his Estate if he is determined to be deceased, to preserve her direct claims against Defendant Bailey. Second, Defendant Safeway is liable for damages which may be recovered by Plaintiff Ullman against Defendant Bailey, pursuant to Plaintiff's UM/UIM coverage under her policy of insurance with Safeway. Third, Defendant Safeway acknowledges that Plaintiff "must preserve and protect Defendant Safeway's right to subrogate against Defendant Bailey,"[4] and by naming Defendant Bailey to this suit, Safeway's subrogation interest is in fact protected.[5] Regardless of the outcome of Plaintiff Ullman's and the Class's claims for UM/UIM coverage and damages against Defendant Safeway, Plaintiff Ullman has viable claims and has protected her right to collect from Defendant Bailey, or his Estate, as provided under New Mexico law.

---

[3] The Federal and New Mexico Rules, which include the rules of pleading and joinder, must be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see* Rule 1-001 NMRA (same).

[4] Doc. 1 at p. 4-5, ¶ 17.

[5] Moreover, Defendant Bailey's interests, or the interests of his Estate, are potentially affected by determination of his liability and the damages he owes, by a judgment in this case.

Because Defendant Safeway failed to establish that there is no reasonable possibility of a colorable claim under New Mexico law against the non-diverse Defendant, there is no fraudulent joinder and the case must be remanded for lack of jurisdiction.  Defendant Safeway has not proven by clear and convincing evidence that Defendant Bailey was fraudulently joined, therefore the necessary requirements conferring Federal jurisdiction are not met and require the case be remanded to State court.[6]  As grounds in support of this Motion, Plaintiff states as follows:

## I.  Background

Plaintiff, for herself and others similarly situated, filed her Complaint for Breach of Statutory, Common Law, and Contractual Duties, and for Injunctive and Declaratory Relief, and for Personal Injuries ("Complaint"), in the First Judicial District Court, County of Santa Fe, State of New Mexico, No. D-101-CV-2013-01427, on May 23, 2013.[7]  Plaintiff suffered injuries from an auto collision caused by an uninsured motorist and is entitled to the benefits of UM/UIM coverage under her policy of insurance with Defendant Safeway.[8]  Defendant Richard Bailey is a New Mexico resident and the tortfeasor who struck Plaintiff Ullman's vehicle.[9]  This dispute arises from Defendant Safeway's unlawful denial of UM/UIM coverage, under New Mexico law, to Plaintiff and the Class and/or the failure of Safeway to extend the benefits of UM/UIM coverage

---

[6] Plaintiff's counsel Geoffrey R. Romero consulted with defense counsel, James H. Johansen, regarding the withdrawal of Defendant Safeway's Notice of Removal.  Defense counsel, however, declined to withdraw the Notice and does not concur in the filing of Plaintiff's Motion to Remand. *See* Ex. A, Email from Geoffrey R. Romero to James H. Johansen, July 15, 2013, attached (memorializing phone conversation).

[7] *See* Doc. 1 at pp. 12-62 (Complaint); Doc. 1 at p. 2, ¶ 6 (affirming service of process date in Notice of Removal).

[8] Doc. 1 at pp. 12-17 (Complaint).

[9] *Id.*  While Defendant Safeway correctly states that Plaintiff has some reason to believe Defendant Bailey may be deceased, Doc. 1 at p. 5, ¶ 19, Plaintiff is working to confirm this information and, if determined to be deceased, Plaintiff will appoint and substitute a Personal Representative to represent the Estate of Defendant Bailey, if not already provided for by his Estate, pursuant to Rule 1-025 NMRA or Fed. R. Civ. P. 25.

to its insureds.[10]  Plaintiff Ullman has necessarily alleged Counts in the Complaint specific to Defendant Safeway and the Class, Counts I to VIII, and Counts specific to Defendant Bailey and Defendant Safeway, Counts IX to XI, which include negligence, negligence per se, and punitive damages.  The allegations in Complaint pertaining to negligence, negligence per se and punitive damages, Counts IX to XI, make clear that Defendant Safeway is liable for damages which may be recovered by Plaintiff Ullman against Defendant Bailey pursuant to Plaintiff's UM/UIM coverage under her policy of insurance with Safeway.[11]

Defendant Safeway was served with the Complaint on June 3, 2013, and Defendant Safeway filed its Notice of Removal on June 27, 2013.[12]  Plaintiff has timely filed her Motion for Remand in this Court.  The sole basis for removal, according to Defendant's Notice, was that Defendant Richard Bailey, the uninsured tortfeasor in this matter, is the only non-diverse Defendant and was fraudulently joined by Plaintiff for no other purpose than to defeat diversity jurisdiction.[13]

## II.  Argument

### A.  Law regarding Removal and Fraudulent Joinder.

Federal removal jurisdiction is statutory in nature and is strictly construed as a result of the federal courts' limited jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (l941).  Removal of a case from state to federal court is proper only if the complaint could originally have been filed in federal court.  28 U.S.C. 1441(a).  For removal to be proper, federal district courts must have "original jurisdiction" over the action sought to be removed.  28 U.S.C.

---

[10] Doc. 1 at pp. 12-32 (Complaint).
[11] Doc. 1 at p. 29, ¶ 83, p. 31, ¶¶ 98, 103 (Complaint).
[12] Doc. 1 at pp. 1-10 (Notice of Removal).
[13] *Id.*

§ 1441(b).  "Removal under 28 U.S.C. § 1441 'is proper only if the federal district court would have had original jurisdiction if the case was filed in federal court.  This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'"  *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1244-45 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).  Federal courts have original jurisdiction over a civil action if the action involves a federal question, or if there is complete diversity of citizenship between plaintiffs and defendants and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

The removal statutes are construed strictly against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *See Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) ("It is well established that the statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals.") (citing *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09).  "Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal."  *Rivera v. Fast Eddie's, Inc.*, 829 F.Supp.2d 1088, 1090 (D. N.M. 2011); *see Bio-Tec Environmental, LLC v. Adams*, 792 F.Supp.2d 1208, 1213 (D. N.M. 2011) (same).  If a federal district court determines that it lacks diversity jurisdiction, it must remand the case back to state court as there is no jurisdiction in the first instance.  *Cunningham*, 427 F.3d at 1445.

Because Defendant Safeway has removed this case based on conventional diversity grounds, Defendant must show that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied.  Defendant maintains Defendant Richard Bailey, who is the only named Defendant that is a New Mexico resident, was fraudulently joined for the purpose of defeating diversity jurisdiction.  In evaluating whether a party has been fraudulently joined, the

removing party bears the burden of establishing fraudulent joinder.  "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty."  *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D. N.M. 1999).  At its core, a fraudulent joinder analysis is nothing more than a jurisdictional inquiry. *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004); *Bio-Tec Environmental, LLC*, 792 F.Supp.2d at 1214.  "In cases where fraudulent joinder is asserted, the Tenth Circuit instructs that the court should 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'"  *Bio-Tec Environmental, LLC*, 792 F.Supp.2d at 1214 (quoting *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

If there is any possibility of a colorable claim against Defendant Bailey, there is no fraudulent joinder.  *Couch*, 71 F. Supp. 2d at 1147.  The burden of showing fraudulent joinder is a particularly heavy one. *See Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2002) ("[T]he case law places a heavy burden on the party asserting fraudulent joinder."); *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) ("'The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one.'") (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).  To prove an allegation of fraudulent joinder, the removing party must demonstrate by clear and convincing evidence that there is no possibility that the plaintiff would be able to establish a viable cause of action against the joined party in state court.  *Hart*, 199 F.3d at 246; *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1283 (11th Cir. 2006); *Bio-Tec Environmental, LLC*, 792 F.Supp.2d at 1215-16.  In evaluating fraudulent joinder claims, the court must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.

6

**B.  Defendant made a choice to remove on conventional diversity grounds, not under CAFA.**

Defendant Safeway chose to remove this case on conventional diversity grounds, which is a proper form of removal in any case, including class actions.  The United States Supreme Court has made clear that the enactment of CAFA does not prevent a defendant from choosing to remove a class action on conventional diversity grounds.  *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 572 (2005) (noting that removing a class action on conventional diversity grounds is not moot in light of CAFA's enactment; conventional diversity remains a valid method of removal if that is the method of removal a defendant chooses to pursue and prove).  "CAFA does not displace conventional diversity class action rules; it augments them.  Therefore, federal subject matter jurisdiction over a class action may be premised on either the conventional diversity rules (including utilization of supplemental jurisdiction) or on CAFA."  2 William B. Rubenstein, *Newberg on Class Actions* § 6:14, at 544 (5th ed. 2012).  Because some class action cases may not meet, for example, the $5 million amount-in-controversy requirement or the 100-member requirement, a defendant can choose to meet its burden for removal on either conventional diversity grounds or under CAFA.  *Id.*

"CAFA jurisdiction exists when the proposed class contains at least one-hundred persons, the amount in controversy exceeds $5,000,000.00, and there is minimal diversity."  *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F.Supp.2d 1143, 1163 (D. N.M. 2012) (citing 28 U.S.C. § 1332(d)(2) and (5)).  CAFA provides federal diversity jurisdiction over class actions by allowing the aggregation of the amount in controversy and by implementing a minimal diversity requirement, but it does not "change the traditional rule and that a defendant bears the burden of establishing federal subject matter jurisdiction on a removal motion."  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) (providing under CAFA that the party seeking

to remove the case to federal court bears the burden to establish that the amount in controversy requirement is satisfied); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) ("[W]hile CAFA expressly altered certain requirements for asserting diversity jurisdiction and removing class actions, it did not reverse the established principles for alleging and demonstrating jurisdiction on removal."). The Tenth Circuit is clear that a defendant must prove the elements of CAFA by a preponderance of the evidence. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012). However, the burden is heightened when an allegation of fraudulent joinder is asserted on conventional diversity grounds: "[A] defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Zufelt v. Isuzu Motors Am.*, L.C.C., 727 F.Supp.2d 1117, 1128 (D. N.M. 2009).

In this case, Defendant Safeway has chosen to remove on conventional diversity grounds, which is evident from the fact that Defendant Safeway only addresses removal on those grounds. Defendant Safeway asserts that "the amount in controversy exceeds the $75,000 requirement of this Court,"[14] and attempts to demonstrate that Defendant Bailey was fraudulently joined. While Defendant Safeway makes an offhand reference to CAFA being "a possible alternative basis for removal,"[15] Defendant neither states the elements of CAFA nor provides any evidence in support of the CAFA requirements, each element of which must be proven by a preponderance of the evidence. *See Frederick*, 683 F.3d at 1245 (providing that to invoke federal subject matter jurisdiction under CAFA, a removing defendant must prove each element by a preponderance of the evidence, including that the amount in controversy exceeds the $5 million threshold); *Plummer v. Farmers Group, Inc.*, 388 F.Supp.2d 1310, 1317-18 (E.D. Okla. 2005) (noting that the "long-

---

[14] Doc. 1, at p. 8, ¶¶ 25-27 (Notice of Removal).
[15] Doc. 1, at p. 8, ¶ 28 (Notice of Removal).

standing precedent of [the Tenth] Circuit" is "that a removing defendant bears the burden of proof" and that nothing in CAFA expressly reverses this burden).

Because Defendant Safeway has presented no affidavits or other evidence whatsoever on the elements that must be proven under CAFA, Defendant's Notice must be examined solely on conventional diversity grounds. *See, e.g.*, *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (providing a defendant must "set forth ***in the notice of removal itself underlying facts supporting its assertion*** that the amount in controversy exceeds" the statutory minimum) (emphasis added) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

**C. Defendant has failed to present clear and convincing evidence of fraudulent joinder.**

Defendant Safeway maintains Defendant Richard Bailey is the only named Defendant that is a New Mexico resident and was fraudulently joined for the purpose of defeating diversity jurisdiction.[16]  Plaintiff, however, has legitimate claims against Defendant Bailey, a non-diverse defendant, that Plaintiff is entitled to pursue.  The determination of Defendant Bailey's liability to Plaintiff, and damages which she may recover based on his negligence and negligence per se, are questions which are common to her claims against Bailey and to her claims for benefits under her uninsured motorist coverage contract.  Defendant Safeway does not, and cannot, demonstrate that the existence of a claim under an uninsured motorist coverage contract bars an insured's direct claim against the uninsured tortfeasor.  Plaintiff's claims against Defendant Bailey are valid, and plainly stated in her Complaint.  Because Defendant Safeway does not show by clear and convincing evidence that Defendant Bailey was fraudulently joined, there is no diversity jurisdiction in this matter and the case must be remanded for lack of jurisdiction.

---

[16] Doc. 1 at pp. 1-9, ¶¶ 1-31 (Notice of Removal).

As stated above, to prove an allegation of fraudulent joinder the removing party must demonstrate by clear and convincing evidence that there is no possibility that the plaintiff would be able to establish a viable cause of action against the joined party in state court. *Zufelt*, 727 F.Supp.2d at 1128; *Couch*, 71 F. Supp. 2d at 1147.  Here, Defendant Richard Bailey is a New Mexico resident and is the tortfeasor in this matter.  Counts I through VIII of the Complaint are directed to the class allegations pertaining to Defendant Safeway, and Counts IX through XI are directed to Defendant Safeway and Defendant Bailey together.[17]  Count IX is for Negligence, Count X for Negligence Per Se, and Count XI is for Punitive Damages (assuming Defendant Bailey is alive).  Counts IX to XI make clear that Defendant Bailey is directly liable under these claims and that Defendant Safeway is liable for damages which may be recovered against Defendant Bailey, an uninsured driver, pursuant to Plaintiff Ullman's coverage under her policy with Defendant Safeway.[18]

While Defendant Safeway maintains that Plaintiff, as an individual, "cannot state a claim alleging negligence against Defendant Safeway,"[19] Defendant Safeway ignores that it is responsible for damages found against Defendant Bailey up to the limits of Plaintiff Ullman's UM/UIM coverage under her policy of insurance with Safeway.  New Mexico law unequivocally provides that UM/UIM coverage is for the purpose of and for the protection of insureds "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." NMSA 1979, § 66-5-301 (1983).  Therefore, Plaintiff Ullman has properly pleaded in her Complaint that Defendant Safeway is liable for those damages that may be found against Defendant Bailey under her theories of negligence, negligence per se and punitive damages.

---

[17] Doc. 1 at pp. 12-32 (Complaint).
[18] Doc. 1 at p. 29, ¶ 83, p. 31, ¶¶ 98, 103 (Complaint).
[19] Doc. 1 at p. 4, ¶ 17 (Notice of Removal).

Furthermore, Defendant Safeway's statement that "Plaintiff does not seek to recover from and will not likely recover from Defendant Bailey in the current suit,"[20] simply fails to recognize that Counts IX to XI in the Complaint are viable direct claims against Plaintiff Bailey, or his Estate, under New Mexico law.  Not only is it well established that the plaintiff is the "master of her complaint," *see Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987), neither the motivation of a plaintiff nor the suspected wealth or poverty of a defendant affects the removal inquiry if the claims against the non-diverse defendant are colorable.  *Chicago, R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913) (Holmes, J.);[21] *see Chicago, R.I. & P. Ry. Co. v. Whiteaker*, 239 U.S. 421, (1915) ("[T]o apply the epithet 'fraudulent' to the joinder will not suffice:  the showing must be such as compels the conclusion that the joinder is without right . . . ."); *Couch*, 71 F. Supp. 2d at 1147 ("That a non-resident defendant is rich and a resident defendant poor is of no moment.").

Further, Defendant Bailey is properly joined as a party because he has claims and interests potentially affected by the outcome of this suit.  If a determination of liability is found or stipulated to by the parties, Plaintiff Ullman will have a right to collect damages from Defendant Bailey, or his Estate, for any damages she incurred over and above the amount of UM/UIM coverage she purchased from Defendant Safeway.  Defendant Bailey is a person who may be permissively joined under Rule 20, which provides that joinder is proper for defendants if "(A) any right to

---

[20] Doc. 1 at p. 5, ¶ 20 (Notice of Removal).

[21] "[T]he motive of the plaintiff, taken by itself, does not affect the right to remove.  If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right.  Hence, the fact that the company is rich and [the non-diverse defendant] poor does not affect the case."  *Chicago, R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913).  "Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998).

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)&(B); *see also Gallegos v. Nevada Gen. Ins. Co.*, 2011-NMCA-004, ¶¶ 9-14, 149 N.M. 364, 248 P.3d 912 (holding that all parties with any claim or interest affected by a declaratory judgment must be made parties).

Relief is both joint and several in this instance, as stated above, and there are both questions of law and fact common to both Defendants. For example, as Defendant Safeway is liable for damages which may be found against Defendant Bailey, the legal claims and facts under Counts IX through XI are common to both Defendants. Defendant Safeway maintains, in support of there being no possible claim against Defendant Bailey, that there are some distinctions among the claims; however, Rule 20 explicitly provides that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3). The fact that the members of the Class cannot seek relief from Defendant Bailey is neither an obstacle to his joinder under Rule 20 nor the proper inquiry in evaluating diversity jurisdiction. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998) ("[T]he fact that a great many of the members of the putative plaintiff class can seek no relief against one of the defendants, Crump, would be no obstacle to the permissive joinder of Crump under Rule 20."). The proper analysis for diversity purposes is not on the claims of the members of the putative plaintiff class, the focus is on the diversity of the defendant to the named plaintiff, as will be more fully illustrated below. *Id.*

Defendant Safeway maintains that apart from her individual capacity, "Plaintiff, as a representative of the class, does not and cannot state a claim alleging negligence against Defendant Bailey."[22]  Defendant Safeway, however, again ignores that Counts IX, X and XI, the negligence, negligence per se and punitive damages Counts, are not specific to the Class allegations in this case, nor do they need to be.  Given that Defendant Safeway is unlikely to stipulate to class certification in this matter, Plaintiff has properly brought all of her claims against Defendants Safeway and Bailey.  While Plaintiff is confident every element of Rule 23 governing class certification will be met, in the event class certification is not found, Plaintiff must ensure that all of her individual claims pertaining to this suit are properly brought, which include claims against Defendant Safeway and against Defendant Bailey, for which Defendant Safeway is liable up the limits of its UM/UIM coverage with Plaintiff Ullman.  Moreover, if class certification is granted, as Plaintiff expects, the Counts against Defendant Bailey are equally relevant.  Even if the relief sought against Defendant Safeway on all class claims is granted, Plaintiff Ullman will continue to have a direct claim against Defendant Bailey for any damages above the amount of UM/UIM coverage she has with Defendant Safeway.

Moreover, in an Eleventh Circuit class action case addressing a similar fraudulent joinder issue, the defendants removed on conventional diversity grounds and contended that 98% of the class members had no conceivable claim against the non-diverse defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1286-87 (11th Cir. 1998).  The defendants in *Triggs* argued that the non-diverse defendant had been fraudulently joined by the named plaintiff to defeat diversity.  *Id.*  The court rejected that argument, holding that if the named plaintiff has any possibility of a claim

---

[22] Doc. 1 at p. 5-6, ¶ 20 (Notice of Removal).

against the non-diverse defendant, diversity cannot be defeated on a fraudulent joinder theory merely because most unnamed class members have no claim against that defendant. *Id.* at 1287.

The court concluded that the non-diverse party "fits comfortably" within the rule for permissive joinder of parties as provided under Rule 20. *Id.* at 1288. "[T]he fact that a great many of the members of the putative plaintiff class can seek no relief against one of the defendants, [the non-diverse defendant], would be no obstacle to the permissive joinder of [the non-diverse defendant] under Rule 20." *Id.* The defendants in *Triggs* improperly focused on the claims of the members of the putative plaintiff class, rather than on the named plaintiff. *Id.* While the defendants argued that the non-diverse defendant must have been fraudulently joined because 98% of the members of the putative plaintiff class would have no claims against the non-diverse defendant, this focus was held to be "inconsistent with the well-settled rule for class actions that a court should consider only the citizenship of the named parties to determine whether there is diversity jurisdiction." *Id.*; *see also Zufelt*, 727 F.Supp.2d at 1129 (citing *Triggs* approvingly).

Just as the defendants in *Triggs* improperly focused on unnamed class members, rather than the named plaintiff, for the purposes of diversity jurisdiction, so too does Defendant Safeway here. Defendant Safeway argues that Defendant Bailey was fraudulently joined because "Plaintiff class members, other than Plaintiff Ullman, do not have a reasonable basis to bring a negligence suit against Defendant Bailey and recover damages against him,"[23] and cites to the commonality and typicality prerequisites under the class certification Rule, Fed. R. Civ. P. 23(a)(2) & (a)3), in support of its argument. This approach, however, as explained in *Triggs*, is improper. The elements of what is necessary for Plaintiff, on behalf of the Class, to prove for the purposes of class certification cannot be conflated with what is necessary for the purposes of determining

---

[23] Doc. 1 at 6, ¶ 20.

14

diversity jurisdiction under a conventional diversity theory.  So long as the named plaintiff is not diverse from a properly named defendant, there is no complete diversity conferring jurisdiction. The well-settled rule for class actions removed on a conventional diversity theory is that "a court should consider only the citizenship of the named parties to determine whether there is diversity jurisdiction." *Triggs*, 154 F.3d at 1288.  Because Plaintiff Ullman has stated viable causes of action and claims against a non-diverse Defendant, and has properly joined the non-diverse Defendant, there is no fraudulent joinder of Defendant Bailey in this matter.

Finally, Defendant Safeway curiously argues that its subrogation interest in collecting from Defendant Bailey somehow supports its fraudulent joinder argument,[24] when in fact naming Defendant Bailey is the strongest way to preserve Defendant Safeway's subrogation rights. Defendant Safeway states that "Plaintiff, must preserve and protect Defendant Safeway's right to subrogate against Defendant Bailey,"[25] yet Safeway does not explain how naming Defendant Bailey fails to preserve or protect is rights.  Plaintiff Ullman agrees that Defendant Safeway will have a right of subrogation to collect from Defendant Bailey, or his Estate, for coverage benefits it pays out under its policy of insurance with Plaintiff Ullman, and naming Defendant Bailey ensures that Safeway's interests are adequately protected.

Federal law, and this District, explicitly provide that so long as a plaintiff has any possibility of a colorable claim against a defendant there is no fraudulent joinder, *Zufelt*, 727 F.Supp.2d at 1129, and Defendant Safeway fails to meet its burden demonstrating no such legitimate claim exists here.  Viewing all reasonable inferences in support of Plaintiff's claims and resolving all doubtful issues of State law in favor of Plaintiff, Defendant Safeway has failed to

---

[24] Doc. 1 at p. 5, ¶ 17 (Notice of Removal).
[25] *Id.*

meet its "heavy burden," through clear and convincing evidence, showing there is no reasonable possibility that Plaintiff could prevail on her claims against Defendant Bailey.   There is no fraudulent joinder of Defendant Bailey and therefore the case must be remanded to State court as complete diversity does not exist here.

**D.  Plaintiff Ullman is entitled to attorneys' fees.**

In granting a Motion to Remand the Court may award attorneys' fees to the prevailing party where the removing party lacked any objectively reasonable basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  This Court should grant an award of attorneys' fees to Plaintiff because there was no objectively reasonable basis for Defendant Safeway to have filed a Notice of Removal in this case.  Plaintiff Ullman requests an award of attorneys' fees and costs incurred in responding to the Notice of Removal and obtaining a remand to State court, pursuant to 28 U.S.C. § 1447(c).

Before the filing of this Motion, Plaintiff's counsel Geoffrey R. Romero telephoned defense counsel, James H. Johansen, regarding the problems with Defendant Safeway's fraudulent joinder argument, and requested that Defendant Safeway withdraw its Notice of Removal.  Mr. Johansen, however, declined to withdraw the Notice and does not concur in the filing of Plaintiff's Motion to Remand.  *See* Ex. A, Email from Geoffrey R. Romero to James H. Johansen, July 15, 2013, attached.  Because New Mexico law explicitly allows for a private right of action against Defendant Bailey, and Defendant Safeway's Notice provides no evidence or law to the contrary, Defendant Safeway lacked an objectively reasonable basis for seeking removal.  *See Martin*, 546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a

16

method for delaying litigation and imposing costs on the plaintiff.").  Whether to award attorneys'

fees and costs under Section 1447(c) is within the sound discretion of this Court.  *See Suder v.*

*Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997).

Plaintiff therefore requests an award of attorneys' fees because there was no objectively

reasonable basis for Defendant Safeway to have filed a Notice of Removal in this case.

### III.  Conclusion

Because Defendant Safeway failed to establish by clear and convincing evidence that

Defendant Richard Bailey was fraudulently joined in this matter, federal jurisdiction is improper

and remand back to the New Mexico State District Court in the First Judicial District is required.

Respectfully Submitted,

O'CONNELL LAW LLC

/s/ Erin B. O'Connell
Erin B. O'Connell
4801 All Saints Rd. NW
Albuquerque, NM 87120
Phone:  (505) 792-3746
Fax: (505) 273-3115

and

Geoffrey R. Romero
LAW OFFICES OF GEOFFREY R. ROMERO
4801 All Saints Road NE
Albuquerque, NM 87120
Phone: (505) 247-3338
Fax: (505) 271-1539

and

Ray M. Vargas, II
THE VARGAS LAW FIRM, LLC
807 Silver Ave. SW
Albuquerque, NM 87102
Phone: (505) 242-1670
Fax:  (505) 242-1487

17

and

Joseph Goldberg
David A. Freedman
Vincent J. Ward
FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.
20 First Plaza NW, Suite 700
Albuquerque, NM 87102
Phone: (505) 842-9960
Fax: (505) 842-0761

and

Matthew L. Garcia
GARCIA IVES NOWARA LLC
201 3rd St. NW, Suite 480
Albuquerque, NM 87102
Phone: (505) 899-1030
Fax: (505) 899-1051


I certify that on July 24, 2013, a true and correct copy of the foregoing document was filed and served through the CM/ECF system to all counsel of record.


/s/ Erin B. O'Connell
Erin B. O'Connell