IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BETTY E. ULLMAN, for herself
and others similarly situated,

       Plaintiff,

v.                                          No. 1:13-CV-00595-JB-RHS

SAFEWAY INSURANCE COMPANY and
RICHARD BAILEY,

       Defendants.

**PLAINTIFF'S MOTION FOR REMAND REPLY**

       Plaintiff Ullman, for herself and all others similarly situated, by and through her attorneys,

submits her Reply in support of remanding this matter to the First Judicial District Court in the State

of New Mexico, and responds to Defendant Safeway Insurance Company's ("Safeway") Response

[Doc. 11] as follows.  Defendant Safeway admits that the only basis for its removal of this class

action case is on fraudulent joinder grounds and not under the under the Class Action Fairness Act

("CAFA").[1]  Having chosen this avenue for removal, which limits this analysis to a fraudulent

joinder analysis, Defendant Safeway continues to incorrectly state that Plaintiff Ullman only seeks

to recover damages from Defendant Safeway, not from Defendant Bailey.[2]  Plaintiff's Motion and

the plain language of Plaintiff's Complaint, however, demonstrate that Plaintiff Ullman has direct

claims against Defendant Bailey in addition to her class claims.  A defendant may be found

---

[1] Class Action Fairness Act ("CAFA"), Pub L. No. 109-2, 119 Stat. 4 (2005) (codified as amended in scattered sections of 28 U.S.C.); *see also* Doc. 11, Defendant Safeway's Response in Opposition to Plaintiff's Motion to Remand, at p. 2 (stating it removed this case on fraudulent joinder grounds, with no reference to CAFA whatsoever).  Defendant Safeway did not respond to Plaintiff's Motion explaining that the only basis for removal was on fraudulent joinder grounds, not under CAFA. *See* Doc. 10, Plaintiff's Motion for Remand, at pp. 1, 7-9.
[2] Doc. 11 at pp. 3-4, ¶ 10.

fraudulently joined only if there is absolutely no possibility that the plaintiff can prove a single cause of action against the resident (non-diverse) defendant, and here there are, without question, strong direct claims alleged against Defendant Bailey in Plaintiff's Complaint.[3]  Plaintiff Ullman's claims against Defendant Safeway and Defendant Bailey arise out of the same car collision and share a common question of law and fact.

First, Plaintiff Ullman must name Defendant Bailey, or substitute his Estate if he is determined to be deceased, to preserve her direct claims against Defendant Bailey.  Second, Defendant Safeway is liable for damages which may be recovered by Plaintiff Ullman against Defendant Bailey, pursuant to Plaintiff's UM/UIM coverage under her policy of insurance with Safeway.   Third, Defendant Safeway's Response altogether ignores that Plaintiff Ullman is contractually obligated to protect Defendant Safeway's indirect claims (i.e., subrogation interests), and that by naming Defendant Bailey to this suit, Safeway's subrogation interest is in fact protected.[4] Fourth, while Defendant Safeway maintains that Defendant Bailey is "100 percent at fault" in the underlying collision,[5] this matter has yet to be adjudicated and Defendant Bailey is likely to disagree. Defendant Bailey's interests, or the interests of his Estate, therefore, are directly affected by determination of his liability and the damages he owes.  Regardless of the outcome of Plaintiff Ullman's and the Class's claims for UM/UIM coverage and damages against Defendant Safeway, Plaintiff Ullman has viable claims and has protected her right to collect from Defendant Bailey, or his Estate, as provided under New Mexico law.

---

[3] Plaintiff's Motion explained in detail the bases for her claims against Defendant Bailey and Defendant Safeway, and why such claims are properly brought.  *See* Doc. 10 at pp. 9-16.
[4] Doc. 1 at p. 56 (Safeway Policy attached to Complaint) (showing insured's contractual obligation to protect Safeway's subrogation interests).
[5] Doc. 11 at p. 4, ¶ 12.

Because Defendant Safeway failed to establish that there is no reasonable possibility of a colorable claim under New Mexico law against the non-diverse Defendant, there is no fraudulent joinder and the case must be remanded for lack of jurisdiction.  Defendant Safeway has not proven by clear and convincing evidence that Defendant Bailey was fraudulently joined, therefore the necessary requirements conferring Federal jurisdiction are not met and require the case be remanded to State court.

## I. Argument

**A.  The sole basis in support of Safeway's removal argument, procedural misjoinder, is not a recognized doctrine in the Tenth Circuit and, even if it were, there is no misjoinder in this case.**

Recognizing that Plaintiff Ullman has direct claims against Defendant Bailey, Defendant Safeway's Response implicitly states that the sole basis for its removal was based on the doctrine of "fraudulent misjoinder."  Citing Eleventh Circuit case law, Defendant Safeway argues that Defendant Bailey meets the "third criteria" for finding fraudulent joinder, which under the Eleventh Circuit is called procedural or fraudulent misjoinder.  *See* Doc. 11 at p. 9; *id.* at p. 9 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) as basis for fraudulent misjoinder argument).  Fraudulent misjoinder, however, has not been adopted by the Tenth Circuit.  *See Magnuson v. Jackson*, No. 11-CV-0561, 2012 WL 2995669, at *4 (N.D.Okla. July 23, 2012) (unpublished) ("The Tenth Circuit has not adopted the doctrine of fraudulent or procedural misjoinder, and no district court within the Tenth Circuit has applied the doctrine.").  Defendant Safeway's failure to state the doctrine's name specifically is not surprising, given that this Circuit has not adopted the doctrine of fraudulent misjoinder.

"Fraudulent joinder is the joinder of a non-diverse defendant 'having no real connection to a case,' while fraudulent or procedural misjoinder is the misjoinder of entirely distinct claims

against two or more groups of defendants in violation of Fed. R. Civ. P. 20 in attempt to defeat diversity jurisdiction." *Magnuson*, No. 11-CV-0561, at *3 (citing *Tapscott*, 77 F.3d at 1360).  But "[o]nly the Eleventh Circuit Court of Appeals has expressly adopted the doctrine of fraudulent misjoinder, and that decision, *Tapscott*, was abrogated on other grounds.  The Tenth Circuit has not expressly adopted the doctrine of fraudulent misjoinder in any setting." *Magnuson*, No. 11-CV-0561, at *3 (internal citations omitted); *see Franklin D. Azar & Associates, P.C. v. Farmers Ins. Exch.*, No. 13-CV-00658, 2013 WL 1874198, at *2 (D.Colo. May 6, 2013) (unpublished) (same); *Cline v. Blackmon Mooring of Okla. City, Inc.*, No. 11-1136, 2012 WL 255675, at *1 (W.D.Okla. Jan. 27, 2012) (unpublished) (same); *Lafalier v. Cinnabar Serv. Co., Inc.*, No. 10-CV-0005, 2010 WL 1486900, at *9 (N.D.Okla. Apr. 13, 2010) (unpublished) (same).

The Eleventh Circuit, like the Tenth Circuit, provides that fraudulent joinder "is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.  The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (internal citations omitted); *see Bio-Tec Environmental, LLC v. Adams*, 792 F.Supp.2d 1208, 1214 (D. N.M. 2011) (same).  Unique to the Eleventh Circuit, however, is that a third situation of fraudulent joinder is recognized, which is called procedural or fraudulent misjoinder.  In the Eleventh Circuit, "a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (citing *Tapscott*, 77 F.3d at 1360).  In this case, because there is neither outright fraud in Plaintiff Ullman's pleading of

jurisdictional facts nor any issue with Plaintiff having a direct claim against Defendant Bailey, Defendant Safeway is forced to rely on the unrecognized doctrine of procedural misjoinder.

Nonetheless, even if the Court were required to apply the doctrine, which it is not, doing so here does not assist Defendant Safeway because Plaintiff Ullman's decision to join Defendant Bailey was proper under Rule 20, which was explained in detail in Plaintiff's Motion and will be further discussed below.  *See* Doc. 10 at pp. 11-15 (explaining why relief is both joint and several in this case and that there are both questions of law and fact common to both Defendants); *see also Franklin D. Azar & Associates, P.C.*, No. 13-CV-00658, at *2 (explaining that procedural misjoinder not applicable in Tenth Circuit and, "more importantly, even if the Court were required to apply the doctrine, doing so here would not avail Travelers, because Azar's decision to join Farmers was proper under Rule 20").  Because this case does not reflect the "misjoinder of entirely distinct claims against two or more groups of defendants in violation of Fed. R. Civ. P. 20," *Magnuson*, No. 11-CV-0561, at *3, the doctrine of procedural or fraudulent misjoinder is inapplicable even if applied.

## B.  Defendant Bailey is properly joined in this matter under Fed. R. Civ. P. 20.

In stating Plaintiff's claims against Defendant Bailey "have no real connection to the claims against Defendant Safeway,"[6] Defendant Safeway's Response reflects that it wholly ignored Plaintiff's Motion, which details the claims and issues brought in this case and shows that there are questions of law and fact common to both Defendants.[7]  Under Rule 20, parties may be joined as defendants if the claims against them arise out of the same transaction or occurrence and share a common question of law or fact.  *See* Fed. R. Civ. P. 20(a)(2).  Here, not only is the underlying

---

[6] Doc. 11 at p. 7.
[7] Doc. 10 at pp. 9-16.

auto collision an occurrence giving rise to the claims against both Defendants, common questions of law and fact exist.

Defendant Safeway is liable for those damages that may be found against Defendant Bailey under her theories of negligence, negligence per se and punitive damages, which are Counts IX to XI in the Complaint.  Defendant Safeway is responsible for damages found against Defendant Bailey up to the limits of Plaintiff Ullman's UM/UIM coverage under her policy of insurance with Safeway.  Defendant Bailey is directly liable under these claims and Defendant Safeway is liable for damages which may be recovered against Defendant Bailey, an uninsured driver, pursuant to Plaintiff Ullman's coverage under her policy with Defendant Safeway.  Plaintiff Ullman's Complaint properly pleaded that Defendant Safeway is liable for those damages that may be found against Defendant Bailey under her theories of negligence, negligence per se and punitive damages.  With Defendant Safeway liable for damages which may be found against Defendant Bailey, the legal claims and facts under Counts IX through XI are common to both Defendants.

Defendant Bailey is properly joined as a party because he has claims and interests potentially affected by the outcome of this suit.  If a determination of liability is found or stipulated to by the parties, Plaintiff Ullman will have a right to collect damages from Defendant Bailey, or his Estate, for any damages she incurred over and above the amount of UM/UIM coverage she purchased from Defendant Safeway.  That Safeway admitted in its Answer that Defendant Bailey was 100% at fault in the auto collision with Plaintiff Ullman[8] does not change the fact that Defendant Bailey has claims and interests at stake in this suit.  Moreover, Defendant Safeway appears to have dropped the subrogation-rights argument contained in its Notice of Removal, which stated that its subrogation interest in collecting from Defendant Bailey somehow supported

---

[8] Doc. 11 at p. 4, ¶ 12.

6

its fraudulent joinder argument.[9]  Because the naming of Defendant Bailey is the strongest way to preserve Defendant Safeway's subrogation rights, it comes as no surprise that Safeway has abandoned this line of argument here.

Defendant Safeway maintains, as it did in its Notice, that "Plaintiff does not seek to recover damages from Defendant Bailey and instead only seeks damages from Defendant Safeway."[10] Safeway, however, ignores that Counts IX to XI in the Complaint are viable direct claims against Plaintiff Bailey, and that the suspected wealth or poverty of a defendant does not affect the removal inquiry if the claims against the non-diverse defendant are colorable.  *See Chicago, R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913); *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1147 (D. N.M. 1999).  And while Safeway believes that Plaintiff was required to plead the amount of damages specifically from Defendant Bailey,[11] the Rules of pleading in New Mexico (where this Complaint was properly filed) demand that "the complaint shall not contain an allegation for damages in any specific monetary amount," Rule 1-008(A)(3) NMRA, unless the amount is a necessary allegation of the complaint.  Only special pleading matters, such as fraud and mistake, require a specific amount of damages to be pleaded.  *See* Rule 1-009 NMRA.  Defendant Safeway does not, and cannot, demonstrate that the existence of a claim under an uninsured motorist coverage contract bars an insured's direct claim against the uninsured tortfeasor.  Further, this Court has recognized that "the Supreme Court of New Mexico [has] expressed a preference that matters of insurance coverage be decided by the court considering the underlying action."  *Mach v. Triple D Supply, LLC*, 773 F.Supp.2d 1018, 1047 (D. N.M. 2011).

---

[9] Doc. 1 at p. 5, ¶ 17 (Notice of Removal).
[10] Doc. 11 at p. 8; Doc. 1 at p. 5, ¶ 20 (Notice of Removal) (same).
[11] Doc. 11 at p. 8 ("By not pleading damages to be collected from Defendant Bailey, Plaintiff created no possibility of recovery from Defendant Bailey.").

Defendant Safeway states that there are <u>some</u> distinctions among the claims,[12] yet this is not an impediment to joinder under Rule 20.  Neither the Rule nor case law requires that a plaintiff or defendant obtain or defend against all of the relief demanded.  Fed. R. Civ. P. 20(a)(3); *Triggs*, 154 F.3d at 1288.  The fact that the members of the putative Class cannot seek relief from Defendant Bailey is neither an obstacle to his joinder under Rule 20 nor the proper inquiry in evaluating diversity jurisdiction.  *See Triggs*, 154 F.3d at 1288.  The proper analysis for diversity purposes is not on the claims of the members of the putative plaintiff class, the focus is on the diversity of the defendants to the named plaintiff.  *Id.*  Additionally, Safeway has not stipulated to class certification.[13]  Whether or not a class is certified does not change the fact that Plaintiff has properly pleaded viable claims against Defendant Bailey.[14]

Because the claims against both Defendants arise out of the same occurrence and share a common question of law or fact, Defendant Bailey is a properly named party under Rule 20.

**C.  The requirements under Rule 23 governing class certification do not affect the fraudulent joinder inquiry in a traditional diversity case.**

Failing to respond to Plaintiff's Motion explaining the distinction between the Class certification requirements and the elements required to prove fraudulent joinder,[15] Safeway again cites to the commonality and typicality prerequisites under Rule 23 governing class certification in support of its fraudulent joinder argument.[16]  Safeway misunderstands the law and misreads Plaintiff's Complaint in stating that because the Class claims against Defendant Bailey are not "typical of all represented parties . . . Plaintiff's class claims for negligence, negligence per se, and

---

[12] Doc. 11 at p. 11.
[13] Doc. 10 at p. 13.
[14] *Id.*
[15] Doc. 11 at pp. 13, 14-15.
[16] Doc. 11 at pp. 11-13; Doc. 1 at 6, ¶ 20 (Notice of Removal).

punitive damages, as a class representative are fraudulent and a patent sham."[17]  Although clear from the Counts in the Complaint, and explained at length in Plaintiff's Motion,[18] Safeway fails to recognize that the Class claims are neither directed towards Defendant Bailey nor do they need to be.  The elements of what is necessary for Plaintiff, on behalf of the Class, to prove for the purposes of class certification cannot be conflated with what is necessary for Safeway to prove fraudulent joinder under a conventional diversity theory.  *Triggs*, 154 F.3d at 1288.[19]

So long as the named plaintiff is not diverse from a properly named defendant, there is no complete diversity conferring jurisdiction.  To focus on the citizenship of the Class, rather than the named parties, "is inconsistent with the well-settled rule for class actions that a court should consider only the citizenship of the named parties to determine whether there is diversity jurisdiction." *Triggs*, 154 F.3d at 1288 (citing United States Supreme Court precedent); *see* 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Fed. Pract. and Proc.* § 1755, at 70 (3d ed. 2005) ("Rule 23 would be completely unworkable in the diversity context and its value significantly compromised if the citizenship of all the class members, many of whom may be unknown, had to be considered in establishing jurisdiction."); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (stating only citizenship of named parties considered when determining whether there is complete diversity of citizenship in a class action); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 355 (5th Cir. 2004) (same).

---

[17] Doc. 11 at p. 12.

[18] Doc. 10 at pp. 10, 13-15.

[19] The elements of class certification are a plaintiff's burden to prove in seeking certification of a class, *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004), while the elements of removal on fraudulent joinder grounds are a defendant's burden to prove by clear and convincing evidence. *Bio-Tec Environmental, LLC v. Adams*, 792 F.Supp.2d 1208, 1214 (D. N.M. 2011).

Safeway argues that *Triggs*, which supports Plaintiff Ullman's argument, is distinct from this case.[20]   However, as shown in the foregoing section, a proper focus on the named parties reflects that this case does not involve two defendants with "no real connection" to one another. Safeway continues to assert a fraudulent misjoinder argument that is not recognized in this Circuit.[21]   Again, given that Defendant Safeway has a subrogation interest against Defendant Bailey, is liable for any damages found against Defendant Bailey, up to the limits of Plaintiff Ullman's UM/UIM coverage with Safeway, and that Defendant Bailey has claims and interests potentially affected by the outcome of this suit, the claims against Defendant Bailey are properly brought here.   Importantly, Defendant Safeway chose to remove on conventional diversity grounds—not under CAFA—therefore Defendant Safeway carries the heavy burden to prove the elements of fraudulent joinder by clear and convincing evidence.   In this Circuit, to prove an allegation of fraudulent joinder the removing party must demonstrate by clear and convincing evidence that there is no possibility that the plaintiff would be able to establish a viable cause of action against the joined party in state court.   *Zufelt v. Isuzu Motors Am.*, L.C.C., 727 F.Supp.2d 1117, 1128 (D. N.M. 2009); *Couch*, 71 F. Supp. 2d at 1147.

This Circuit explicitly provides that so long as a plaintiff has any possibility of a colorable claim against a defendant there is no fraudulent joinder, *Zufelt*, 727 F.Supp.2d at 1129, and Defendant Safeway fails to meet its burden demonstrating no such legitimate claim exists here. Viewing all reasonable inferences in support of Plaintiff's claims and resolving all doubtful issues of State law in favor of Plaintiff, Defendant Safeway has failed to meet its "heavy burden," through

---

[20] Doc. 11 at p. 12; *see also* Doc. 10 at pp. 12-15 (Plf's Motion for Remand) (explaining *Triggs* confronted a similar issue to this case, which supports remand to the state court).

[21] Doc. 11 at p. 7; *see also Magnuson*, No. 11-CV-0561, at *3 (stating procedural or fraudulent misjoinder not expressly recognized in Tenth Circuit); *Franklin D. Azar & Associates, P.C.*, No. 13-CV-00658, at *2 (same).

clear and convincing evidence, showing there is no reasonable possibility that Plaintiff could prevail on her claims against Defendant Bailey.  There is no fraudulent joinder of Defendant Bailey and therefore the case must be remanded to State court as complete diversity does not exist here.

**D.  Plaintiff Ullman is entitled to attorneys' fees.**

Plaintiff Ullman renews her request for an award of attorneys' fees and costs incurred in responding to the Notice of Removal and obtaining a remand to State court, pursuant to 28 U.S.C. § 1447(c).[22]  Defendant Safeway's Response altogether failed to address Plaintiff's fee and cost request.  Because there was no objectively reasonable basis for Defendant Safeway to have filed a Notice of Removal in this case, having relied on arguments that are objectively unreasonable, abandoned, or not recognized in this Circuit, Plaintiff respectfully requests an award of attorneys' fees and costs.

## II.  Conclusion

Because Defendant Safeway failed to establish by clear and convincing evidence that Defendant Richard Bailey was fraudulently joined in this matter, federal jurisdiction is improper and remand back to the New Mexico State District Court in the First Judicial District is required.

Respectfully Submitted,

O'CONNELL LAW LLC

/s/ Erin B. O'Connell
Erin B. O'Connell
4801 All Saints Rd. NW
Albuquerque, NM 87120
Phone:  (505) 792-3746
Fax: (505) 273-3115

and

---

[22] Doc. 10 at pp. 16-17 (explaining why Plaintiff Ullman entitled to an award of attorneys' fees in this matter).

11

Geoffrey R. Romero
LAW OFFICES OF GEOFFREY R. ROMERO
4801 All Saints Road NE
Albuquerque, NM 87120
Phone: (505) 247-3338
Fax: (505) 271-1539

and

Ray M. Vargas, II
THE VARGAS LAW FIRM, LLC
807 Silver Ave. SW
Albuquerque, NM 87102
Phone: (505) 242-1670
Fax:  (505) 242-1487

and

Joseph Goldberg
David A. Freedman
Vincent J. Ward
FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.
20 First Plaza NW, Suite 700
Albuquerque, NM 87102
Phone: (505) 842-9960
Fax: (505) 842-0761

and

Matthew L. Garcia
GARCIA IVES NOWARA LLC
201 3rd St. NW, Suite 480
Albuquerque, NM 87102
Phone: (505) 899-1030
Fax: (505) 899-1051


I certify that on August 19, 2013, a true and correct copy of the foregoing document was filed and served through the CM/ECF system to all counsel of record.


/s/ Erin B. O'Connell
Erin B. O'Connell

12